Justin David Gale

3909 2nd Street

North Beach, Maryland [20714]

Phone: (301) 873-6143

Plaintiff in Pro Per

RECEIVED SEP 17 2015

RECEIVED
E-MAIL

CLERKS OFFICE
AT GREENBELT

DEPUTY

2015 SEP 17 PM 1: 25

U.S. DISTRICT COURT
DISTRICT OF MARYLAND

United States District Court

District Court of Maryland

Greenbelt Division

| | |
|---|---|
| Justin D. Gale | ) Case No.: JKB 15 CV 2803 |
| Plaintiff, | ) **COMPLAINT** |
| v | ) **42 U.S.C. § 1983** |
| Annapolis City Police Department; | ) **JURY TRIAL** |
| City of Annapolis; | ) **DEMANDED** |
| Anne Arundel County; | ) |
| Officer A. Stover; | ) |
| Officer A. Ascione; | ) |
| Officer Pam Johnson; | ) |
| Doe1-10; | ) |
| Defendants | ) |

# COMPLAINT

Now comes the PLAINTIFF Justin David Gale, who requests a preventive injunction against the Defendants to halt any further deprivations of Liberty or Due Process against the Plaintiff, and who sues the Defendants for money damages and who states:

# SUMMARY OF THE ACTION

1.  On September 19, 2012 Annapolis City Police Department (APD) employees came to Gale's home and unlawfully: arrested Gale at gunpoint, entered Gale's home, searched Gale's home, took Gale's property, took Gale against Gale's will to the Anne Arundel Medical Center (AAMC), then filed false documents to keep Gale on hold at the AAMC. The arrest occurred without a warrant or the required circumstances for a warrantless arrest. There were no exigent circumstances. The search occurred without a warrant or probable cause. The seizure of property occurred without a warrant or a due process hearing. None of the statutory requirements were satisfied for the police to request that the AAMC to place Gale on involuntary hold.

Complaint                                        2

2.  This has cost Gale substantial money in both legal and medical costs. This was a deprivation of Gale's 4th amendment right to be free of unlawful searches and seizures of Gale's person and property. It was a violation of the 24th Article of the Declaration of Rights of the Constitution of the State of Maryland. And it was a violation of Gale's First Amendment right guaranteeing him the right to free speech without fear of official reprisal and oppression. These violations have caused Gale pain and suffering and monetary losses.

## JURISDICTION & VENUE

3.  This is an action at law under 42 U.S.C. § 1983 and the laws of the State of Maryland to redress the deprivation under color of state law of rights, privileges and immunities secured to the Plaintiff by the Constitutions of the United States and the State of Maryland.

4.  The venue is proper pursuant to 28 U.S.C. § 1391(b), as all of the parties live, or operate, within this district.

5.  All acts necessary or precedent to the bringing of this lawsuit occurred or accrued in Anne Arundel County, Maryland. The time provided for in the statute of limitations for filing personal damages has not expired. The aforementioned acts have had significant effects in Maryland.

6.     Plaintiff brings this action pursuant to 42 U.S.C. §1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution and this jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(a) (3) and (4).

7.     Plaintiff further invokes supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and decide claims arising under State law.

8.     Any State causes of action arising out of the deprivation of the Federal civil rights alleged herein are properly before this Court pursuant to the pendant jurisdiction of this Court.

## INTRADISTRICT ASSIGNMENT

9.     The entirety of the events complained of herein occurred in Anne Arundel County, Maryland, and this action is properly assigned to the Greenbelt Division of the United States District Court for the District of Maryland.

## PARTIES

10.     Plaintiff, Justin David Gale ("Gale") is and was at all times relevant herein a resident of Maryland.

11.     Defendant, A. Ascione ("Ascione"), upon information and belief, is an officer employed with the Annapolis City Police Department and, at all times relevant herein, Defendant acted within the scope of employment and under color of Maryland state law. Ascione is being sued in both individual and official capacities.

12.   Defendant, A. Stover ("Stover"), upon information and belief, is an officer employed with the Annapolis City Police Department and, at all times relevant herein, Defendant acted within the scope of employment and under color of Maryland state law. Stover is being sued in both individual and official capacities.

13.   Defendant, Pam Johnson ("Johnson"), upon information and belief, is an officer, ranked Sargent, employed with the Annapolis City Police Department and, at all times relevant herein, she acted within the scope of her employment and under color of Maryland state law. Johnson is being sued in both individual and official capacities.

14.   Defendant, Doe1, upon information and belief, is an officer employed with the Annapolis City Police Department and, at all times relevant herein, Defendant acted within the scope of employment and under color of Maryland state law. Doe1 is being sued in both individual and official capacities.

15.   Defendants, Doe2-10, upon information and belief, are law enforcement officers in Anne Arundel County, employed with Anne Arundel County and, at all times relevant herein, Defendants acted within the scope of employment and under color of Maryland state law. Doe2-10 are being sued in both individual and official capacities.

16.   Defendant, City of Annapolis ( the "City"), a municipal corporation, maintains a police force which operates and administers a set of law

enforcement policies, practices and customs involving the hiring, training and supervision of its police officers. The policies, practices and customs include training and supervision in determining probable cause for arrests. As the employer of the officers involved in the subject incident, City of Annapolis is liable for state constitutional violations under the doctrine of *respondeat superior*.

17. Defendant, Annapolis City Police Department (APD), a municipal corporation, maintains a police force which operates and administers a set of law enforcement policies, practices and customs involving the hiring, training and supervision of its police officers. The policies, practices and customs include training and supervision in determining probable cause for arrests. As the employer of the officers involved in the subject incident, Annapolis City Police Department is liable for state constitutional violations under the doctrine of *respondeat superior*.

18. Defendant, Anne Arundel County, a municipal corporation, maintains law enforcement officers, which operates and administers a set of law enforcement policies, practices and customs involving the hiring, training and supervision of its police officers. The policies, practices and customs include training and supervision in determining probable cause for arrests. As the employer of the officers involved in the subject incident, Anne Arundel County is liable for state constitutional violations under the doctrine of *respondeat superior*.

**General factual allegations**

19.   On September 19, 2012, Gale had been communicating via text messages through his cell phone with "Raney",  to whom he had been engaged for marriage. She had decided to call off the wedding. This was distressing to Gale. On this evening Gale had been drinking alcohol and playing guitar to relax from the stress caused by having the wedding called off and by not being able to talk to Raney in person. At some point, Gale decided that he might be able to get Raney to come visit him by conveying via text message that he would die with out her. After Raney made it clear that she would not visit him and that she did not want to talk to him while he was inebriated, Gale communicated that he was hurt and that he needed time to sort things out by himself.

20.   At some point during this communication Raney contacted the police indicating that Gale was a danger to himself.

21.   Raney sent a text message asking Gale to call her or answer her calls

22.   Gale called Raney back around 8:40pm that same day. A female officer, Doe1, answered Raney's phone and indicated that she was with the Police Department and stated that she needed to know that Gale was okay. Gale believed that he was being pranked by Raney and one of her friends and gave the infuriated response that he was fine and that he didn't want her to

call him again and to leave him alone. Gale hung up the phone after this exchange. Gale received several additional calls from Raney's cell phone which he ignored. Finally, he answered one of these calls and Officer Doe1 was on the other end of the line. Gale was angry that he was not being left alone and repeated to the Officer that he was fine and that he wanted to be left alone. Gale told the Officer that he didn't care if she was a cop or not, but to stop harassing him by continuing to call him after he told her he was fine. Gale asked the Officer if she was, "<expletive> stupid and if she did not understand what he told her the first time when he said that he was fine and to leave him alone". Gale hung up the phone again.

23.    Gale called another friend to discuss what had occurred. After this short discussion Gale decided to go to bed. Gale retired to bed. Around 9pm an unknown phone number called Gale's cell phone. Gale answered and Officer Doe2 was on the line. The Officer inquired as to what he was doing and Gale said he was in bed because he had work early the following day. Doe2 asked Gale to come to his door to show him that he was okay. Gale complied and was greeted by a multitude of guns pointing at him and rabid law enforcement officers cursing at him to get on the ground. Gale stood there in his undergarments holding his phone to his ear, confused as to what was going on. Law enforcement officers snapped Gale out of his confusion by screaming at him, "Eat the <expletive> carpet! Get on the ground! Get the <expletive> down! Hands out!" to which Gale complied.

24. Gale was cuffed and arrested. Law enforcement officers entered his residence. Gale was taken to the Psychiatric Unit at the Annapolis Medical Center by Officer A. Stover. Officer Stover submitted a Petition for Emergency Evaluation form. Officer Stover did not personally observe Gale communicate to his ex-fiancé that he was going to harm or kill himself. Officer Stover did not personally observe Gale make any threats of suicide.

25. Gale was committed, told to undress and confined in an isolation room. Gale was subjected to psychiatric evaluation. Gale was released several hours later after the doctors had ruled that he was in no way, shape, or form a threat to others or to himself.

26. Upon returning to his residence Gale discovered his living quarters had been turned upside down as a result of the law enforcement officers/APD search of his residence. Gale discovered that he was missing items from his bed room, closets, and kitchen. Gale's gun safe was missing. A large pickle jar full of money was missing.

27. Officer Pam Johnson had refused to return his property to him and had requested that Gale come to the station to open his safe. When Gale indicated that he was going to retain an attorney he was told by her that it was unnecessary because there were no charges pending against him. Gale retained an attorney to assist in retrieving his gun safe and his property within the safe. Upon the actions of his attorney Gale was permitted by the APD to retrieve his property. Gale took pictures of his property as it was

damaged with dents and scratches. His safe and his guns inside the safe were not in the condition that they had been prior to removal from his residence.

28. At no point did the APD press any charges against Plaintiff Gale.

29. Gale suffered personal damages as a result of the actions of those involved in holding him at gun point, searching him and his residence with out a warrant or exigent circumstances, seizing him and his property with out a warrant or a probable cause hearing, forcefully committing him to a psychiatric hold, and refusing to return his property until he retained an attorney.

**COUNT I:  CLAIM OF JUSTIN D. GALE AGAINST DEFENDANT DOE1**

**FOR VIOLATION OF THE PLAINTIFF'S FIRST**

**AMENDMENT RIGHTS (Freedom of speech)**

30. Plaintiff re-alleges and restates paragraphs 1 through 29 as if fully set forth herein.

31. At the time that Officer Doe1 decided to punish Gale for asking her if she was stupid and didn't understand what Gale had said during her earlier call, wherein Gale told her that he was fine and to leave him alone and to stop harassing him, Plaintiff Gale had the Constitutional Right, pursuant to the 1st Amendment to the United States Constitution, to speak freely with out

fear of official oppression. This right was a clearly established right at the time of the incident.

32. On September 19, 2012, while acting under color of state law, Officer Doe1 committed acts which constituted punishing Gale for exercising his freedom of speech. Officer Doe1 conveyed to the APD that Gale was armed and dangerous. Officer Doe1's representation was false. Officer Doe1 knew that the representation was false when Officer Doe1 made it and Officer Doe1 made the representation recklessly and without regard for the truth. Officer Doe1 intended that others rely and act upon the false representation to the detriment of Gale. Officer Doe1 caused this information to be conveyed through telecommunications on September 19, 2012, in violation of 18 U.S.C. 1343, whereby Officer Doe1 devised a scheme that deprived Gale of the intangible right to honest services from the APD (See 18 U.S.C. 1346).

33. Officer Doe1 therefore violated the clearly established First Amendment rights of the plaintiff to be free to speak with out fear of official oppression.

34. As a direct and proximate result of the actions of the Defendant, Plaintiff was caused to suffer discomfort, distress and loss of liberty; and has suffered and will continue to suffer psychological harm, mental anguish, including fright, shame, mortification, humiliation, and embarrassment from the indignity of being unlawfully arrested; and has suffered monetary losses from unlawfully seized property and psychological medical

expenses; and legal fees paid for the assistance of an attorney in acquiring Gale's unlawfully seized guns and gun safe.

**COUNT II: CLAIM OF JUSTIN D. GALE AGAINST DEFENDANT'S OFFICER A. ASCIONE, OFFICER A. STOVER, AND DOE2-DOE10 FOR VIOLATION OF THE PLAINTIFF'S FOURTH AMENDMENT RIGHTS (EXCESSIVE FORCE, FALSE ARREST, AND UNLAWFUL SEARCH AND SEIZURE)**

35.    Plaintiff re-alleges and restates paragraphs 1 through 34 as if fully set forth herein.

36.    At the time that Ascione, Stover, and Doe2-Doe10 used excessive force to unlawfully seize and search Plaintiff Gale, his personal property, and his residence, Gale had the Constitutional Right, pursuant to the 4th Amendment to the United States Constitution, to be free from the use of excessive force, false arrest, and unlawful search and seizure. This right was a clearly established right at the time that Plaintiff was unreasonably seized at the point of numerous machine guns, falsely arrested, and Plaintiff's property was searched and seized.

37.    On September 19, 2012, while acting under color of state and local law, Defendants Ascione, Stover, and Doe2-Doe10 knowingly deprived Plaintiff of his 4th Amendment rights by using excessive force during the course of conducting an unlawful arrest of Plaintiff, by falsely arresting Plaintiff by

transporting him to Anne Arundel Medical Center who placed him on Psychiatric hold, by entering Plaintiff's residence to search it and leave it in complete disarray with out exigent circumstances or a warrant, by seizing Plaintiff's jar of money and a locked gun safe.

38.   Defendants Ascione, Stover, and Doe2-Doe10 therefore violated the clearly established Fourth Amendment rights of the plaintiff to be free from excessive force, false arrest, and unlawful searches and seizures.

39.   As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

> (a) Emotional pain and suffering,including but not limited to stress and anxiety;
>
> (b) Development of fears and phobias;
>
> (c) Nightmares and insomnia;
>
> (d) humiliation;
>
> (e) impairment of relationships;
>
> (f) A substantial loss of the enjoyment of life;
>
> (g) loss of property;

**COUNT III: CLAIM OF JUSTIN D. GALE AGAINST DEFENDANT OFFICER PAM JOHNSON FOR VIOLATION OF THE PLAINTIFF'S FOURTH AMENDMENT RIGHTS (UNLAWFUL SEIZURE)**

40.   Plaintiff re-alleges and restates paragraphs 1 through 39 as if fully set forth

herein.

41.   At the time that Officer Pam Johnson came into possession of Plaintiff's gun

safe and at the time that the Plaintiff requested that his gun safe be returned

to him, Gale had the Constitutional Right, pursuant to the 4th Amendment

to the United States Constitution, to be free from unlawful search and

seizure of his property. This right was a clearly established right at the time

that Plaintiff's private property was unreasonably seized and attempts were

made to search through his private safe.

42.   In the time immediately following Plaintiff's arrest and release, while acting

under color of state and local law, Officer Pam Johnson knowingly deprived

Plaintiff of his 4th Amendment rights by keeping Plaintiff's gun safe and

attempting to coerce him to unlock it for her so that she could conduct a

search of his seized property. Defendant attempted to convince Plaintiff to

unlock the safe because there were no charges against him and that he did

not need a lawyer when he told her that he was going to get one. Defendant

refused to return Plaintiff's property until Plaintiff hired a lawyer and who

managed to get the Defendant to return Plaintiff's property.

43.   As a direct result thereof, Plaintiff was caused to suffer the following

injuries and damages:

(a) Emotional pain and suffering, including but not limited to stress

and anxiety;

Complaint                    14

(b) Monetary damages

## COUNT IV: CLAIM OF JUSTIN D. GALE PURSUANT TO  28 USC §1983

## (MONELL CUSTOM OR PRACTICE) AGAINST THE

## ANNAPOLIS CITY POLICE DEPARTMENT

44. Plaintiff re-alleges and restates paragraphs 1 through 43 as if fully set forth herein.

45. The acts of the Defendant Annapolis City Police Officers constitute a long standing pervasive pattern of lawlessness and use of excessive force.

46. It is the policy of the City of Annapolis to inadequately train and supervise its police officers, including the defendant officers and thereby fail to discourage further constitutional violation on th part of its officers.

47. As a result of the above described policies and customs, police officers of Anne Arundel County and the City of Annapolis believed their actions would not be investigated or sanctioned, but would be tolerated.

48. The above described policies and customs demonstrated a deliberate indifference on the part of policy makers in the City of Annapolis and in Anne Arundel County to the constitutional rights of persons within the County and were the cause of the violation of Plaintiff Justin David Gale's federal and state constitutional rights.

**COUNT V: CLAIM OF JUSTIN D. GALE PURSUANT TO 28 USC §1983**

**(MONELL CUSTOM OR PRACTICE) AGAINST ANNE**

**ARUNDEL COUNTY**

49. Plaintiff re-alleges and restates paragraphs 1 through 48 as if fully set forth herein.

50. The acts of the Defendant law enforcement Officers constitute a long standing pervasive pattern of lawlessness and use of excessive force.

51. It is the policy of Anne Arundel County to inadequately train and supervise its police officers, including the defendant officers and thereby fail to discourage further constitutional violation on th part of its officers.

52. As a result of the above described policies and customs, police officers of Anne Arundel County believed their actions would not be investigated or sanctioned, but would be tolerated.

53. The above described policies and customs demonstrated a deliberate indifference on the part of policy makers in Anne Arundel County to the constitutional rights of persons within the County and were the cause of the violation of Plaintiff Justin David Gale's federal and state constitutional rights.

**COUNT VI: CLAIM OF JUSTIN D. GALE PURSUANT TO 28 USC §1983**

**(MONELL CUSTOM OR PRACTICE) AGAINST ANNAPOLIS**

**CITY POLICE DEPARTMENT**

54. Plaintiff re-alleges and restates paragraphs 1 through 53 as if fully set forth herein.

55. The acts of the Defendant Annapolis City Police Officers constitute a long standing pervasive pattern of lawlessness and use of excessive force.

56. It is the policy of the Annapolis City Police Department to inadequately train and supervise its police officers, including the defendant officers and thereby fail to discourage further constitutional violation on th part of its officers.

57. As a result of the above described policies and customs, police officers of Annapolis City Police Department believed their actions would not be investigated or sanctioned, but would be tolerated.

58. The above described policies and customs demonstrated a deliberate indifference on the part of policy makers in the Annapolis City Police Department and in the State of Maryland to the constitutional rights of persons within the County and were the cause of the violation of Plaintiff Justin David Gale's federal and state constitutional rights.

**COUNT VII: CLAIM OF JUSTIN D. GALE AGAINST DEFENDANT OFFICER DOE1 OF MARYLAND CONSTITUTIONAL VIOLATION (DUE PROCESS AND WARRANTS)**

59. Plaintiff re-alleges and restates paragraphs 1 through 58 as if fully set forth herein.

60. At all times relevant herein, the Defendant Officer Doe1, acted with malice, under color of and pretense of law, and under the color of statutes, customs and usages of the State of Maryland.

61. At all times relevant herein, the Defendant Officer Doe1 undertook actions which constituted a seizure, excessive force, and false arrest of Justin David Gale.

62. Further, the Defendant Officer Doe1 falsely submitted police reports and conveyed information which was untrue, with the purpose of justifying and covering up the excessive force committed by all Defendant Officers who took part in arresting Plaintiff and seizing and holding his property.

63. The wrongful seizure, excessive force, and false arrest of Justin Gale and the seizure of his property and the searching of his residence deprived Plaintiff of his rights, privileges and immunities guaranteed by Article 24 and Article 26 of the Maryland Declaration of Rights.

64. As a direct result of the violations of Plaintiff's rights. Plaintiff Justin David Gale suffered substantial damages including, but not limited to, mental and emotional distress, humiliation, embarrassment, monetary and property losses.


**COUNT VIII: CLAIM OF JUSTIN D. GALE AGAINST DEFENDANT**

**OFFICERS: A. STOVER, A. ASCIONE, AND  DOE1-10**

**FOR FALSE ARREST**

Complaint                                                            18

65. Plaintiff re-alleges and restates paragraphs 1 through 64 as if fully set forth herein.

66. Defendants Stover, Ascione, and Doe1-10 knowingly falsely arrested Plaintiff Justin David Gale on no charges whatsoever and without probable cause to believe that he had committed a crime.

67. As a result of the false arrest by the aforementioned Defendant Officers, Plaintiff Justin David Gale experienced severe mental and emotional distress.

**COUNT IX: JUSTIN D. GALE'S CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANT OFFICERS AND DOE1-10**

68. Plaintiff re-alleges and restates paragraphs 1 through 67 as if fully set forth herein.

69. Defendant Officers A. Stover, A. Ascione, and Doe1-10 intended to and did seize and search and falsely arrest Mr. Justin Gale. In addition they entered his residence, turned it upside down searching it, leaving it in a complete state of disarray, and they seized Mr. Gale's personal property. There were no charges brought against Plaintiff Gale and these actions against him were taken without justification, provocation, or probable cause.

70. Defendant Pam Johnson intended to and did exercise control and dominion over Plaintiff Gale's personal property. Defendant Johnson attempted to

coerce Plaintiff into to coming to the Police Department to unlock the gun safe so that she could go on a fishing expedition through his personal effects with no probable cause or justification, other than perhaps to find something, any thing, to file charges against Plaintiff and to justify the unlawful actions of the other Defendant Officers. Defendant Johnson knew that the were no charges pending against Plaintiff Gale and still refused to return his property. Defendant Johnson did behave in a manner vexing Plaintiff Gale to the point that he had to hire an attorney to retrieve his unlawfully seized and held property.

71. The vile nature of the acts themselves, coupled with the abuse of their power and place in society as police officers as well as the nature of the hostile false arrest and commitment to a psychiatric facility makes the above conduct of all Defendant Officers both extreme and outrageous.

72. Consequently, Plaintiff Justin David Gale began exhibiting signs of severe emotional distress and signs of this distress continue to the date of filing this complaint.

73. This trauma is a direct and proximate result of the intentional behavior of Defendant Officers referenced above.

74. The Plaintiff has incurred expenses for psychological care and treatment, medicines, and other types of medical and/or psychological related attention. Plaintiff has also lost wages and will continue to lose wages in the future. Plaintiff continues to suffer mental and emotional discomfort as a

result of the intentional infliction of emotional distress committed by Defendant Officers. This intentional infliction of emotional distress may require lifetime counseling and psychological treatment. All of the above damages were directly and proximately caused by the aforementioned seizure, search, and arrest of Plaintiff and his confinement in a psychiatric unit by the Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands an injunction against the Defendant's to halt all acts of denial of due process against Gale. In addition, Plaintiff demands judgment against the Defendants, jointly and severally, for <u>compensatory damages</u> in an amount to be determined by Jury, for violation of his United States Constitutional rights and his Maryland Constitutional rights; Plaintiff requests other and further relief as the court, or jurors, may deem reasonable and just under the circumstances; **Plaintiff demands Trial By Jury**.

Respectfully Submitted,

DATED: Sept. 17th, 2015

Justin David Gale

Pro Per